## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GREGORY DEYOUNG** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | **14-127** |
| **ERIC BUSH, SUPERINTENDENT** | : | |
| **S.C.I. PINE GROVE, et. al.** | : | |
| | : | |
| **Respondents.** | : | |

## ORDER

**AND NOW**, this 27th day of October 2014, upon careful and independent

consideration of the petition for writ of habeas corpus, and after review of Magistrate

Judge Moore Wells's report and recommendation (doc. no. 12) and petitioner's

objections thereto (doc. no. 14), **IT IS HEREBY ORDERED** that:

1.      The petitioner's objections are **OVERRULED**;[1]

---

[1] I review de novo those portions of the magistrate judge's report to which timely and specific objection is made.  28 U.S.C. § 636(b)(1); Goney v. Clark, 749 F.2d 5, 6 (3d Cir. 1984). Where objections are untimely, general, or not filed at all, I need only "give some reasoned consideration to the magistrate's report," Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), and review it for clear error, *See* Fed. R. Civ. P. 72(b) advisory committee's note. In any case, I "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  § 636(b)(1); U.S. v. Raddatz, 447 U.S. 667, 676 (1980).

Mr. DeYoung petitions for a Writ of Habeas Corpus because his trial was tainted by the testimony of Aram Cortino. Mr. DeYoung claims that Mr. Cortino received a lenient sentence in an unrelated case in exchange for his favorable testimony against Mr. DeYoung. Mr. DeYoung faults his trial counsel for failing to discover and question Mr. Cortino about the plea bargain. He asserts that the Commonwealth violated Brady by failing to disclose the information. On collateral review, the Superior Court found that Mr. DeYoung could have raised his Ineffective Assistance of Counsel claim and his Brady claim on direct appeal. Since he did not, his PCRA claims were waived. Magistrate Judge Moore Wells recommends that I deny Mr. DeYoung's petition because his claims are procedurally defaulted under an independent and adequate state rule of procedure. I agree.

Mr. DeYoung's objections are internally inconsistent. Mr. DeYoung contends he could not have raised these claims on direct appeal, because he was unaware of Mr. Cortino's cooperation with the Commonwealth until 2007. However, he also maintains that trial counsel interviewed Mr. Cortino in prison, and Mr. Cortino told counsel about his deal with prosecutors. Mr. DeYoung is judicially estopped from making both arguments. I will adopt the report and recommendation.

2.      The report and recommendation is **APPROVED** and **ADOPTED**;[2]

3.      The petition for writ of habeas corpus is **DENIED**;

4.      A certificate of appealability will not issue;[3]

5.      The clerk is directed to mark this case **CLOSED**.

BY THE COURT

/s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.

---

In the alternative, I find that the Superior Court correctly found Mr. DeYoung's claims were meritless. In addition to Mr. DeYoung's own confession, there was copious physical evidence placing Mr. DeYoung at the scene of the crime. Even if Mr. Cortino did not testify, the outcome of Mr. DeYoung's trial would not have been different.

[2] While I approve Judge Moore Wells's report and recommendation, I would also deny this petition as untimely. A state prisoner must file a petition for writ of habeas corpus within one year of the date on which the judgment becomes final. 28 U.S.C.A. § 2244 (d)(1)(A). A judgment is final at the "conclusion of direct review or the expiration of time for seeking such review." Id. The Pennsylvania Superior Court affirmed Mr. DeYoung's judgment of sentence on December 13, 2006. Com. V. DeYoung, No. 2699 EDA 2005, slip op. (Pa. Super. Ct. December 13, 2006). Mr. DeYoung did not seek allocator from the Pennsylvania Supreme Court; therefore, the judgment became final on January 12, 2007 and the habeas statute of limitations began to run. *See* Pa.R.A.P. 1113(a) ("[A] petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court….").

Mr. DeYoung filed a motion for post conviction relief in the Bucks County Court of Common Pleas on November 30, 2007. By filing a PCRA motion, Mr. DeYoung tolled the Habeas statute of limitations. 28 U.S.C. §2244(d)(2) (The time during which a properly filed [PCRA motion] is pending shall not be counted toward any period of limitation under this subsection."). At this point, 322 days had passed since the judgment became final. The Superior Court affirmed the denial of PCRA relief on September 17, 2013. Com. v. DeYoung, No. 320 EDA 2012, slip op. (Pa. Super. Ct. September 17, 2013). Mr. DeYoung's PCRA action concluded on October 17, 2013 when he failed to seek allocator from the Supreme Court. Accordingly, Mr. DeYoung was required to file his habeas petition on or before November 29, 2013, i.e. 43 days following the expiration of his PCRA direct appeal. *See* Munchinski v. Willson, 694 F.3d 308, 327-28 (3d Cir. 2012) (calculating the statute of limitations); *See also* Sutton v. Cain, 722 F.3d 312, 316 n.6 (5th Cir. 2013) ("To calculate when the limitations period has run, we aggregate the time between (i) the date the petitioner's conviction became "final" and the date the petitioner filed his state habeas application; and (ii) the date the state habeas process concluded and the date the petitioner filed his federal habeas petition."). Mr. DeYoung filed his petition on December 30, 2013; therefore, his petition is time barred.

Despite the Commonwealth's assertion of the statute of limitations defense, Judge Moore Wells did not address the timeliness of the petition in her report and recommendation. Mr. DeYoung was not on notice to file an objection regarding the time bar. Nonetheless, it is appropriate to raise the statute limitations defense *sua sponte* at this point of the litigation. *See* Long v. Wilson, 393 F.3d 390, 403 (3d Cir. 2004).

[3] I will not issue a certificate of appealability because Mr. DeYoung has not made a substantial showing of the denial of a constitutional right.