IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY DEYOUNG | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT ERIC BUSH, et al. | : | NO. 14-127 |

**MEMORANDUM**

**Padova, J.**                                                                                                    **May 8, 2024**

Petitioner Gregory DeYoung has filed a "Motion to Re-Open this Case Pursuant to
Fed.R.Civ.P. 60(b)" ("Rule 60(b) Motion"), in which he seeks relief from this Court's October 27,
2014 Order denying his § 2254 habeas petition.   Specifically, he contends that this Court erred in
dismissing his claim that he was denied his constitutional rights at trial because the prosecution,
in violation of Brady v. Maryland, 373 U.S. 83 (1963), failed to disclose that it had offered leniency
to one of the witnesses against Petitioner.   For the following reasons, we deny the Rule 60(b)
Motion.

**I.      BACKGROUND**

In 2004, following a jury trial in the Bucks County Court of Common Pleas, Petitioner was
convicted of first-degree murder, burglary, conspiracy, and possession of an instrument of a crime,
and he received a mandatory life sentence.   The charges arose out of the December 15, 2002
stabbing and blunt-force trauma death of a man at the Villager Lodge (the "motel") in Bristol
Township.[1]   Video footage from the motel showed two individuals entering then exiting the
decedent's motel room early in the morning on December 15th.   Later that day, Petitioner

---

[1] These facts are drawn from the recitation of facts in the Superior Court's September 17,
2013 Opinion, which affirmed the denial of relief under the Post-Conviction Relief Act ("PCRA"),
42 Pa. Cons. Stat. §§ 9541 et seq.   Commonwealth v. DeYoung, No. 320 EDA 2012, slip op. at
1-5 (Pa. Super. Ct. Sept. 17, 2013) ("9/17/13 Super. Ct. Op.").

presented himself at a local hospital with both an injury to his finger consistent with a gunshot wound and a cut on his forearm consistent with a knife wound.

Petitioner was arrested on December 19, 2002, and he confessed to committing the murder with co-Defendant Edward Boback.   According to Petitioner, he owed money to the decedent, who had threatened to kill him and his housemates if he did not pay $1000 by December 15, 2002. On the day of the murder, Petitioner and Boback drove a stolen truck that an individual named Aram Cortino had given to Petitioner as collateral for drugs.   The two parked the truck at a church near the motel and then went to the decedent's room.   Petitioner told law enforcement that Boback had a gun, knife, and brass knuckles, and had stabbed the decedent, and that Petitioner was cut when he tried to intervene.   Petitioner also stated that Boback accidently shot him in the finger. After the murder, Petitioner and Boback drove the truck to a house on Olsen Avenue where they were residing.   Subsequent DNA analysis matched Petitioner's blood to blood samples found on the sidewalk near the motel and on the bedspread in the decedent's room.

Following his conviction, Petitioner filed a direct appeal and a state court petition for collateral relief pursuant to the PCRA, but the Superior Court affirmed his conviction in 2006 and, after an evidentiary hearing, the PCRA court denied his petition for collateral relief in 2011.   (See 9/17/13 Super. Ct. Op. at 7-8, 10.)   Among Petitioner's claims on collateral review was a Brady claim grounded on the Commonwealth's alleged failure to disclose to Petitioner prior to trial that it had afforded leniency to Cortino in an unrelated case in exchange for Cortino's testimony against Petitioner at trial.[2]   (See id. at 10.)

On September 17, 2013, the Superior Court affirmed the PCRA court's dismissal of the

---

[2] To establish a Brady violation, a petitioner must establish that "(1) the evidence at issue is favorable to the accused; (2) the evidence was suppressed by the state; and (3) the evidence is material."   Johnson v. Folino, 705 F.3d 117, 128 (3d Cir. 2013) (citation omitted).

Brady claim "for a host of reasons."   (9/17/13 Super. Ct. Op. at 24.)   It primarily concluded that Petitioner had waived his right to assert the Brady claim because he failed to raise it on direct appeal even though his trial counsel "indicated he was told by Cortino about receiving leniency in exchange for his testimony."   (Id. (observing that the evidence in support of Petitioner's Brady claim "is not after-discovered").)   It also addressed the Brady claim on the merits, concluding that, even if some Brady material concerning Cortino's deals with the Commonwealth had been withheld, there was no prejudice to Petitioner "because the jury was well aware of Cortino's motive to falsely testify against [Petitioner] to obtain leniency in his own cases, and extensive additional evidence . . . was introduced establishing [Petitioner's] culpability."   (Id. at 25.)

Thereafter, Petitioner sought habeas relief in this Court and again asserted his Brady claim. In a Report and Recommendation ("R&R"), the Magistrate Judge recommended that the claim was procedurally defaulted because the Pennsylvania Superior Court had found it waived pursuant to an independent and adequate state procedural rule, and Petitioner had neither established cause and prejudice to excuse his default nor presented any new, reliable evidence of his innocence. (R&R, Docket No. 16, at 9 (citing Harris v. Reed, 489 U.S. 255, 262-63 (1989))); see also Cox v. Horn, 757 F.3d 113, 119 (3d Cir. 2014) (stating that a district court "normally cannot review a federal claim for post-conviction relief that has already been rejected by a state court on the basis of an independent and adequate state procedural rule" (citations omitted)).

Petitioner filed objections to the R&R and, on October 27, 2014, this Court overruled Petitioner's objections, adopted the R&R, and denied Petitioner's § 2254 Petition.   (See 10/27/14 Order, Docket No. 28.)   The Court cited several different bases for its rejection of Petitioner's Brady claim.   First, the Court agreed with the Magistrate Judge that the claim had been procedurally defaulted under an independent and adequate state rule of procedure.   (Id. at 1 n.1.)

3

The Court acknowledged that Petitioner's argument was that he could not have raised the <u>Brady</u> issue on direct appeal because he was unaware of Cortino's cooperation with the Commonwealth until 2007.  (<u>Id.</u>)  However, it stated that Petitioner was judicially estopped from making this argument because he also argued that his trial counsel had been ineffective for failing to investigate Cortino's criminal history after he learned about Cortino's deal with prosecutors.  (<u>Id.</u>)

As a second basis for denying Petitioner's <u>Brady</u> claim, the Court found that the Pennsylvania Superior Court had correctly concluded that that the <u>Brady</u> claim was meritless.  (<u>Id.</u> at 2 n.1.)  In this regard, the Court stated that, even if Cortino had not testified, the outcome of the trial would not have been different not only because Petitioner had confessed, but also because there was "copious physical evidence placing [Petitioner] at the scene of the crime."  (<u>Id.</u>)

Finally, as a third basis for denying Petitioner's <u>Brady</u> claim, the Court stated that the Petition was untimely under 28 U.S.C. § 2244(d)(1)(A), which requires habeas petitions to be filed within one year of the date on which the state court judgment becomes final.  (<u>Id.</u> at 2 n.2.)  By the Court's calculations, Petitioner's one-year time period for pursuing a habeas petition expired on November 29, 2013, and Petitioner did not file his habeas petition until December 30, 2013. (<u>Id.</u>)

Following the denial of his habeas petition, Petitioner filed two more PCRA petitions, both of which the state court denied.  (<u>See</u> Docket, <u>Commonwealth v. DeYoung</u>, No. CP-09-CR-0001158-2003 (Bucks County CCP), at 20-21, 23, 25.)  On October 16, 2023, almost ten years after the denial of his habeas petition, Petitioner filed the instant Rule 60(b) Motion, asking us to re-open this case and reconsider his <u>Brady</u> claim.  The Government filed a response in opposition to the Motion on November 20, 2023, and we received the state court record from the Bucks County Court of Common Pleas on January 11, 2024.  Petitioner filed a Reply Brief in support of

his Petition on April 4, 2024.

## II.   LEGAL STANDARD

"Rule 60(b) allows a party to seek relief from final judgment, and request reopening of his case, under a limited set of circumstances."   Gonzalez v. Crosby, 545 U.S. 524, 528 (2005).   A proper Rule 60(b) motion attacks "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceeding."   Id. at 524; see also Pridgen v. Shannon, 380 F.3d 721, 727 (3d. Cir. 2004) (explaining that we may only consider the substance of a Rule 60(b) motion "in those instances in which the factual predicate of [the] motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction").   An "on the merits" resolution in this context is a "determination that there exist or do not exist grounds entitling a petition to habeas corpus relief" and does not refer to any decision precluding a merits determination by denying a habeas petition "for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar."   Gonzales, 545 U.S. at 532 n.4.

Under Rule 60(b), a petitioner can obtain relief from a final judgment for any one of six specified reasons.   See Fed. R. Civ. P. 60(b).   Rule 60(b)(6), on which Petitioner relies, is a catch-all provision that permits a court to award relief for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6), but has been interpreted narrowly as applying only in "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." United States v. Doe, 810 F.3d 132, 152 (3d Cir. 2015) (quoting Cox, 757 F.3d at 120).   Such extraordinary circumstances "will rarely occur in the habeas context."   Gonzalez, 545 U.S. at 535. It is the petitioner's burden to show that he is entitled to relief, but the court must consider "the full measure of any properly presented facts and circumstances."   Cox, 757 F.3d at 122.

One potential basis for relief under Rule 60(b)(6) is an intervening change in law.   Where

a petitioner seeks relief based on an intervening change in law, we must first determine whether the change in law was material to the basis on which we denied habeas relief.   Bracey v. Superintendent Rockview SCI, 986 F.3d 274, 284 (2021) (citation omitted).   If the change in law was material, we then engage in the flexible and multifactor analysis outlined in Cox v. Horn, 757 F.3d 113, 119 (3d Cir. 2014), to determine if that change in law, combined with other facts and circumstances, supports a conclusion that there are extraordinary circumstances that warrant Rule 60(b)(6) relief.   Bracey, 986 F.3d at 284, 295-96 (citations omitted).   Among the factors we must consider in a Cox analysis are: (1) whether the change in law concerns "a constitutional rule or right for criminal defendants," (2) "the merits of [the] petitioner's underlying . . . claim," (3) "[p]rinciples of finality and comity," (4) the petitioner's diligence in pursuing review, and (5) "the imperative of correcting a fundamentally unjust incarceration."   Id. at 295-96 (quotations omitted).

## III.   DISCUSSION

Relying on Federal Rule of Civil Procedure 60(b)(6), Petitioner argues that he has presented extraordinary circumstances that entitle him to relief from the October 27, 2014 habeas order.   He relies on two decisions from the United States Court of Appeal for the Third Circuit: Dennis v. Secretary, Pennsylvania Department of Corrections, 834 F.3d 263 (3d Cir. 2016), and Bracey v. Superintendent Rockview SCI, 986 F.3d 274 (2021).   Petitioner argues that these cases together effected a material change in relevant law by establishing that a criminal defendant has no obligation to seek out Brady material and that, here, habeas relief was denied on procedural grounds based on an improper imposition of such an obligation.   The Commonwealth argues that Dennis and Bracey are not material to the grounds upon which the Court denied relief.[3]

---

[3] The Commonwealth also argues that we should deny the Rule 60(b) Motion as untimely

### A.  Procedural Default

As noted above, as one basis for denial of Petitioner's habeas petition, this Court found that Petitioner's <u>Brady</u> claim was procedurally defaulted.  Petitioner argues that <u>Dennis</u> and <u>Bracey</u> now establish that he has cause and prejudice to excuse his procedural default, so that his habeas petition should be re-opened.  A habeas petitioner "may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." <u>See</u> <u>Martinez v. Ryan</u>, 566 U.S. 1, 10 (2012) (citing <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991)).  To establish "cause," a petitioner must show that "some objective factor external to the defense impeded [petitioner's] efforts to comply with the State's procedural rule."  <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986).  For example, a petitioner can establish cause "by showing . . . that the factual or legal basis for a claim was not reasonably available to counsel."  <u>Johnson v. Pinchak</u>, 392 F.3d 551, 563 (3d Cir. 2004) (citing <u>Murray</u>, 477 U.S. at 488).  "To demonstrate prejudice excusing the procedural default of a <u>Brady</u> claim, a habeas petitioner must show that the undisclosed evidence is material."  <u>Folino</u>, 705 F.3d at 128.  "The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."  <u>Id.</u> (quoting <u>United States v. Bagley</u>, 473 U.S. 667,

---

because it was filed two years after <u>Bracey</u> and seven years after <u>Dennis</u>, so was not filed "within a reasonable time" as Rule 60(c)(1) requires.  Fed. R. Civ. P. 60(c)(1) ("A Motion under Rule 60(b) must be made within a reasonable time . . . .")  Petitioner maintains that he did respond to the instant Motion within a reasonable time because he "had to research and prepare the instant Rule 60(b) motion *pro se* and without the assistance of counsel," "was first required to obtain his case-related documentation," and "filed as soon as was practical under the circumstances and in a manner which optimized [his] opportunity to succeed."  (Pet'r's Reply Br. at 35.)  While we are highly skeptical that these excuses are sufficient to overcome the significant delay here, the Commonwealth has not responded to Petitioner's assertions, has provided no citations to caselaw interpreting the reasonable time requirement, and devotes the bulk of its response in opposition to the Rule 60(b) Motion to addressing the substance of Petitioner's Rule 60(b)(6) arguments.  We therefore address Petitioner's Rule 60(b) Motion on its merits.

682 (1985)).

Petitioner maintains that <u>Dennis</u> and <u>Bracey</u> changed the law by establishing that he had "cause" for his waiver of his <u>Brady</u> claim.   "[I]n the specific context of a <u>Brady</u> claim, 'a petitioner shows "cause" when the reason for his [default] in state-court proceedings was the State's suppression of the relevant evidence.'"   <u>Folino</u>, 705 F.3d at 128 (second alteration in original) (quoting <u>Banks v. Dretke</u>, 540 U.S. 668, 691 (2004)).   Petitioner maintains that the reason he did not present his <u>Brady</u> claim on direct appeal was that the Commonwealth had not produced the favorable and exculpatory material evidence about its leniency deal with Cortino and, after <u>Dennis</u> and <u>Bracey</u>, it is clear that he had no obligation to seek out such evidence.

However, contrary to Petitioner's understanding and as explained above, the Superior Court's primary reason for finding his claim to be waived was not that he failed to seek out information about Cortino's deal, but because Cortino told Petitioner's trial counsel that there was a leniency deal and Petitioner's counsel did not raise it on direct appeal.   <u>Bracey</u> makes clear that a defendant may only assume that there is no <u>Brady</u> violation in the "absen[ce] [of] evidence to the contrary."   <u>Bracey</u>, 986 F.3d at 291 (quoting <u>Dennis</u>, 834 F.3d at 290).   "[W]here the record demonstrates that the defendant or defense counsel was aware of the potential <u>Brady</u> material but failed to pursue investigation of that ultimate claim, nothing in <u>Dennis</u> or any other decision of [the Third] Circuit . . . stands in the way of any of the consequences that . . . attach[] to a lack of due diligence."   <u>Bracey</u>, 986 F.3d at 294 (quotation and citation omitted).   Indeed, the <u>Bracey</u> court made clear that "as far as <u>Brady</u> claims go, due diligence requirements remain substantial: If there is a reasonable basis for a petitioner to believe additional investigation will yield undisclosed <u>Brady</u> material, that petitioner must investigate or else risk the statutory consequences."   <u>Id.</u> at 294 (citation omitted).   Accordingly, we conclude that where, as here, Petitioner knew about

Cortino's leniency deal with the Commonwealth before trial, he cannot rely on the Commonwealth's failure to disclose the deal (or more about the deal) in order to establish cause for his procedural default.[4]

Moreover, even assuming *arguendo* that Petitioner could establish cause for his default based on <u>Dennis</u> and <u>Bracey</u>, he cannot escape procedural default because he cannot prove prejudice.   "[P]rejudice within the compass of the 'cause and prejudice' requirement exists when the suppressed evidence is 'material' for <u>Brady</u> purposes."   <u>Folino</u>, 705 F.3d at 128 (quoting <u>Banks</u>, 540 U.S. at 691); <u>id.</u> at 127-128 (explaining that the prejudice prong of the cause and prejudice test "parallels" the materiality prong of a <u>Brady</u> violation (citing <u>Banks</u>, 540 U.S. at 691)).   "The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."   <u>Id.</u> (quoting <u>United States v. Bagley</u>, 473 U.S. 667, 682 (1985)).

This Court concluded on habeas review that "the Superior Court correctly found Mr. DeYoung's claims were meritless.   In addition to Mr. DeYoung's own confession, there was copious physical evidence placing Mr. DeYoung at the scene of the crime.   Even if Mr. Cortino did not testify, the outcome of Mr. DeYoung's trial would not have been different."   (10/27/14 Order at 2 n.1.)   Thus, the Superior Court and this Court both recognized that Petitioner's <u>Brady</u> claim failed on the materiality prong.   As the prejudice prong of the cause and prejudice analysis

---

[4] Petitioner notes that, in the course of its waiver discussion, the Superior Court stated that "no <u>Brady</u> claim can exist where the information is public record; thus, the Commonwealth had no duty to disclose the court documents that [Petitioner] purports support his claim."   (Super. Ct. Op. at 24.)   This particular statement is incorrect following <u>Dennis</u> and <u>Bracey</u>.   However, the Superior Court's rejection of Petitioner's <u>Brady</u> claim on waiver grounds was not dependent upon this erroneous comment.   Indeed, as noted above, the Superior Court listed a whole "host of reasons" for denying Petitioner relief based on waiver, and the primary reason was that Petitioner was actually aware of Cortino's leniency deal prior to trial.

is the same as <u>Brady</u>'s materiality prong, and this Court already concluded on habeas review that the Superior Court correctly concluded that the purportedly withheld information was not material for <u>Brady</u> purposes, it is plain that Petitioner cannot now satisfy the prejudice prong of the cause and prejudice requirement.

For all of these reasons, we conclude that <u>Dennis</u> and <u>Bracey</u> together did not change the law in a way that is material to the determination that Petitioner's <u>Brady</u> claim was procedurally defaulted based on an independent and adequate state procedural rule.   We therefore deny his request to re-open his habeas proceedings on that basis.

### B.   Untimeliness

In addition to finding the <u>Brady</u> claim to be procedurally defaulted, this Court, on habeas review, found Petitioner's habeas motion to be untimely under 28 U.S.C. § 2244(d)(1)(A). Section 2244(d)(1) provides in pertinent part as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of—
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; [or]
>
> *   *   *
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).   This Court found Petitioner's December 30, 2013 habeas petition to be time-barred under paragraph (A), stating that his conviction became final on January 12, 2007; 322 days of the 1-year statute of limitations had elapsed when he filed his PCRA petition on November 30, 2007; the limitations period was tolled until October 17, 2013, when his PCRA action concluded; and Petitioner did not file his habeas motion by November 29, 2023, the date on

which the remaining 43 days of the one-year period expired.   (10/27/14 Order at 2 n.2.)

Petitioner now argues that, in light of <u>Dennis</u> and <u>Bracey</u>, and pursuant to § 2244(c)(1)(D), his habeas petition should be considered timely because he was not required to seek out the undisclosed <u>Brady</u> material and did not, in fact, learn the factual predicate of his <u>Brady</u> claim until mid-2007.   The Superior Court and this Court have already rejected the critical factual premise of this argument—that Petitioner did not learn of the undisclosed <u>Brady</u> material until mid-2007.   In this regard, the Superior Court noted that Petitioner's "arguments that he could not have learned of the alleged deal until 2007 are wholly inconsistent with the first issue he raised [on] appeal," which was that his trial counsel was ineffective for failing to investigate Cortino's criminal history after learning of the leniency deal.   (Super. Ct. Op. at 24.)   The Superior Court further specifically noted that trial counsel testified during the PCRA evidentiary hearings that Cortino told him prior to trial "about receiving leniency in exchange for his testimony."   (<u>Id.</u> at 24; <u>see</u> <u>id.</u> at 6, 10.)

On habeas review, this Court adopted a line of reasoning similar to that of the Superior Court, noting that Petitioner was "judicially estopped" from arguing in his objections to the R&R that he was unaware of Cortino's cooperation with the Commonwealth in 2007, when he also argued, inconsistently, that his trial counsel had been ineffective for failing to investigate Cortino's criminal history after he had interviewed Cortino in prison and learned in that interview about Cortino's deal with prosecutors.   (10/27/14 Order at 1 n.1.)   Indeed, Petitioner asserted in his Objections to the R&R in the habeas proceeding that: "In August or September of 2004 - prior to Petitioner's trial[,] Cortino informed [Petitioner's] defense counsel . . . that he had received leniency in [a] Westmoreland County case in exchange for his assistance and anticipated trial testimony against Petitioner."   (Pet'r's Objs., Docket No. 28, at 3.)   In light of Petitioner's admitted actual knowledge of Cortino's leniency deal at the time of trial, <u>Dennis</u> and <u>Bracey</u> do

not give Petitioner access to more favorable statute of limitations under § 2244(c)(1)(D).  See Bracey, 986 F.3d at 294 ("[T]he baseline expectations that Dennis established for Brady claimants in the context of AEDPA's due diligence requirements [in § 2242(d)(1)(D)] hold true only where the petitioner has no reasonable basis in fact to be aware of the potential Brady material." (quotation omitted)).  We therefore reject Petitioner's argument that Dennis and Bracey provide a basis for relief from this Court's determination that Petitioner's habeas petition was untimely under § 2244(d)(1)(A), and we deny his request to re-open his habeas proceedings on that basis.

### C.   Merits Determination

Finally, Petitioner challenges this Court's determination that his Brady claim failed on the merits.  Petitioner appears to recognize that a Rule 60(b) motion cannot be used to challenge "the substance of the federal court's resolution of a claim on the merits."  Gonzalez, 545 U.S. at 532. He nevertheless maintains that reconsideration of the merits of his Brady claim is appropriate under Cox's multifactor analysis.  However, we do not reach that multifactor analysis in this case because we have concluded that the changes in the law announced in Dennis and Bracey are not material to the determinations on habeas review that Petitioner's Brady claim was procedurally defaulted and that his habeas petition was untimely.  See Bracey, 986 F.3d at 284 (stating that a court only engages in Cox's multifactor analysis if the change in law was material to the basis upon which it denied habeas relief (citations omitted)).  We therefore decline to revisit the conclusion that Petitioner's Brady claim is meritless under the guise of a Cox analysis.

**III.    CONCLUSION**

For the foregoing reasons, we deny Petitioner's Rule 60(b) Motion.    An appropriate Order

follows.

BY THE COURT:

/s/ John R. Padova, J.

_____

John R. Padova, J.